"In order to establish a right to a variance an applicant must prove (1) unnecessary hardship upon and which is unique or peculiar to the applicant's property, as distinguished from the hardship arising from the impact of the Zoning Act or regulations on the entire district; and (2) that the proposed variance is not contrary to the public safety, health, morals or general welfare: Ferry v. Kownacki, 396 Pa. 283, 152 A. 2d 456; Moyerman v. Glanzberg, 391 Pa. 387, 397, 138 A. 2d 681; Michener Estate, 382 Pa. 401, 406, 115 A. 2d 367."

We agree with the Board of Adjustment and the lower Court that the canopy was an insubstantial and inoffensive adjunct or accessory to the funeral home and beneficial to the community.

Order affirmed.

## Wolstenholme Estate.

Argued November 19, 1962. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Alfred M. Hickman,* with him *Leon H. Kline,* for appellant.

*Edwin J. McDermott,* for appellee.

OPINION PER CURIAM, January 8, 1963:
Decree affirmed. Costs on appellant.

## Waller, Appellant, *v.* Pennsylvania Railroad Company.

Argued November 16, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Lawrence J. Richette,* for appellants.

*Robert M. Landis,* with him *Gerald F. Flood, Jr.,* and *Dechert, Price & Rhoads,* for appellee.

OPINION PER CURIAM, January 8, 1963:
Judgment affirmed.

## Commonwealth ex rel. Meholchick, Appellant, *v.* Maroney.

Submitted November 14, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.